IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER BROWN, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :   Civ. Action No. 08-171-JJF |
| | : |
| GARY MEREDITH, | : |
| | : |
| Defendant. | : |

---

Walter Brown, William Hoffman, Joseph Cane, Edward B. Walsh, and
Gary H. Biddinger, Ocean View, Delaware; Lloyd Roberts,
Frankford, Delaware; and Sondra Waite, Baltimore, Maryland.  Pro
se Plaintiffs.

Dennis L. Schrader and Lynn A. Kelly,  Esquires, Wilson, Halbrook
& Bayard, Georgetown,  Delaware.  Attorneys for Defendant Gary
Meredith.

---

**MEMORANDUM OPINION**

February _11_ , 2009
Wilmington, Delaware

**Farnan** Joseph J. Farnan
District Judge

Presently before the Court are Defendant's Motion To Dismiss
and Plaintiffs' Motions To Transfer To Cure Want Of Jurisdiction
And Statement Of Claim.  (D.I. 19, 21, 25, 29.)  For the reasons
discussed below, the Court will grant Defendant's Motion To
Dismiss For Lack Of Subject Matter Jurisdiction and will deny
Plaintiffs' Motions To Transfer.

## I.  BACKGROUND

The Complaint was originally filed by Plaintiff Walter Brown
("Brown") against the Town of Ocean View, Delaware ("Ocean
View"), and alleged irregularities in the 2005 mayoral election.
(D.I. 2.)  Brown amended the Complaint, voluntarily dismissed
Ocean View, added new Plaintiffs, added Gary L. Meredith
("Defendant") as a Defendant, and added new allegations.  (D.I.
7.)  Plaintiffs, who proceed pro se, allege that Defendant, the
former mayor of Ocean City, arranged for the creation of a public
water company, enacted ordinances precluding Ocean City residents
from opting out of the water system, confiscated property, and
demanded payment.  (Id.)  Plaintiffs allege that some property
owners want the option to choose whether they must participate in
the water system and to exercise, without punishment, their right
to decline use of the water system.  Plaintiffs invoke a number
of statutes and constitutional articles to support their

1

allegations. They ask that all actions by Defendant be declared null and void.

Defendant moves for dismissal on the grounds of lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In turn, Plaintiffs filed several Motions To Transfer To Cure Want Of Jurisdiction And Statement Of Claim. Plaintiffs specifically request the Court to transfer this case to the Court of Chancery of the State of Delaware, pursuant to <u>Kerns v. Dukes</u>, 707 A.2d 363 (Del. 1998).

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if a plaintiff lacks standing to file the claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. <u>Gould Electronics Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject

2

matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. <u>Mortensen v. First Fed. Sav. and Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. <u>Gotha v. United States</u>, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. <u>Mortensen</u>, 549 F.2d at 891.

## III. DISCUSSION

The Court liberally construes the Complaint as alleging a civil rights action under 42 U.S.C. § 1983. As Defendants argue, and as Plaintiffs seem to acknowledge by their Motions To Transfer, this Court lacks subject matter over this cause of action.

The allegations in the Complaint are strikingly similar to those in <u>Kerns v. Dukes</u>, 153 F.3d 96 (3d Cir. 1998). In <u>Kerns</u>, the property owners, invoking 42 U.S.C. § 1983 and 33 U.S.C. § 1365(a)(2), alleged that by virtue of the establishment of an expanded sewer district, they were compelled to discontinue reliance on their own septic systems and to join the expanded

3

sewer system, and to pay an array of service charges and fees for
the privilege of obligatory participation in the expanded sewer
system.  Id. at 98.  The Appellate Court affirmed the District
Court's decision dismissing the case for want of subject matter
jurisdiction.  The District Court ruled that, as a challenge to a
local taxation scheme, the suit ran afoul of federal comity
principles and the Tax Injunction Act, 28 U.S.C. § 1341.  Id. at
103; See also Kerns v. Dukes, 707 A.2d 363 (Del. 1998)(Delaware
Supreme Court determines the certified question, "[t]o what
extent does the jurisdiction of Delaware's courts (whether taken
singly or in combination) encompass Plaintiffs' claims, and to
what extent are Delaware's courts able to provide such relief as
those claims, if sustained, would entail?" ).

    Realizing that this Court lacks subject matter jurisdiction,
Plaintiffs request a transfer of the case to the Court of
Chancery of the State of Delaware.  However, lack of subject
matter jurisdiction terminates a case originally filed in federal
court.  Moravian Sch. Advisory Bd. v. Rawlins, 70 F.3d 270, 276
(3d Cir 1995); see Fed. R. Civ. P. (h)(3) (if the court
determines at any time that it lacks subject matter jurisdiction,
the court must dismiss the action).  Indeed, when the District
Court is without subject matter jurisdiction, it is powerless to
do anything but dismiss the action.  Moravian, 70 F.3d at 277.

4

**IV.  CONCLUSION**

For the above reasons, the Court will grant Defendants'
Motion To Dismiss For Lack of Subject Matter Jurisdiction.  The
Court will not address that portion of Defendant's Motion seeking
dismissal pursuant to Fed. R. Civ. P. 12(b)(6) as it lacks
subject matter jurisdiction.  The Court will deny Plaintiffs'
Motions To Transfer To Cure Want Of Jurisdiction And Statement Of
Claim.  An appropriate Order will be entered.